# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Crim. ID No. 2112004868 |
| | ) | |
| ZION JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: October 26, 2022
Decided: November 2, 2022

**AND NOW TO WIT,** this 2nd day of November 2022, upon consideration of Zion Jones ("Defendant")'s Motion to Transfer his charges to Family Court, the parties' submissions, oral argument, and the record in this case, it appears to the Court that:

1.      On March 24, 2022, Defendant filed this Motion to Transfer under 10 *Del. C.* § 1011.  A reverse amenability hearing was held on October 26, 2022.

2.      The facts presented at the hearing are relatively straight forward. On December 11, 2021, officers were dispatched to the scene of a shooting in Wilmington wherein a young teenage woman was gunned down in front of her home.  Six siblings were at her residence at the time of the shooting, located within 1,000 feet of a school zone.  Wilmington Police investigated.  This led to

Defendant's arrest.[1]  During a post-*Miranda* interview, he admitted to the shooting.

3.  On January 10, 2022, Family Court held a preliminary hearing, and the case was transferred to this Court.  A Grand Jury indicted Defendant for two counts of Attempted Murder in the First Degree; seven counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"); Possession, Purchase, Ownership, or Control of a Firearm by a Person Prohibited—Juvenile ("PFBPP"); seven counts of Reckless Endangering in the First Degree; Conspiracy in the First Degree; Criminal Mischief Under $1000.00 Damage Property; Possession of a Weapon in a Safe School Zone.[2]  It is alleged he committed these acts at age 16.[3]

4.  The reverse amenability process is meant to identify juveniles charged as adults who are amenable to the rehabilitative process of the Family Court.[4]  If the juvenile files a motion to transfer the adult charges, this Court must hold a reverse amenability hearing and weigh the factors set forth in 10 *Del. C.* § 1011(b).[5]

---

[1] The State presented additional evidence to include surveillance video that captures the shooting. Afterwards, police located a pedestrian, later identified as Defendant, who was wearing similar clothes and sneakers to those of the suspect in the video.  A handgun was discovered in Defendant's waistband during a pat down, which preliminary matches the shell casings found at the scene.

[2] Indictment, True Bill No. 22, D.I. 2.

[3] Defendant's date of birth is March 1, 2005.

[4] *See generally* 10 *Del. C.* §§ 1010-11; *see also Hughes v. State*, 653 A.2d 241, 249 (Del. 1994) (quoting *Marine v. State*, 624 A.2d 1181, 1184 (Del. 1993); *Marine v. State*, 607 A.2d 1185, 1209 (Del. 1992)).

[5] 10 *Del. C.* § 1011(b) ("[At the reverse amenability hearing, the Superior Court] may consider evidence as to the following factors and such other factors which, in the judgment of the Court are deemed relevant: (1) The nature of the present offense and the extent and nature of the defendant's prior record, if any; (2) The nature of past treatment and rehabilitative efforts and the nature of the defendant's response thereto, if any; and (3) Whether the interests of society and the defendant would be best served by trial in the Family Court or in the Superior Court.").

5. Before weighing the § 1011(b) factors, "this Court must preliminarily determine whether the State has made out a *prima facie* case against the juvenile,"[6] to determine if there is "a fair likelihood that [the defendant] will be convicted of the crimes charged."[7] For the reasons stated, the State has made out its *prima facie* case against Defendant.

6. As Defendant is also charged with the seven counts of PFDCF, the provisions of 11 *Del. C.* § 1447A(f) apply.[8] The State has met its burden of establishing proof positive or presumption great that Defendant discharged the firearm during the commission of all the underlying felonies. The firearm charges must proceed in the Court, as will the remaining charges for the reasons stated below.

7. Under 10 *Del. C.* § 1010, when a juvenile is charged with certain felonies, such as the felonies here, he must be tried as an adult.[9] Thus, he has "lost the benefit of Family Court adjudication by statutory pronouncement, [and] there is a presumption that need exists for adult discipline and legal restraint."[10] In weighing the following factors, Defendant fails to rebut this presumption.

---

[6] *Harper*, 2014 WL 1303012, at *5 (citing *Marine v. State*, 624 A.2d 1181, 1185 (Del. 1993)).
[7] *Id.*
[8] 11 *Del. C.* § 1447A(f) ("Every person charged under this section over the age of 16 years who, following an evidentiary hearing where the Superior Court finds proof positive or presumption great that the accused used, displayed, or discharged a firearm during the commission of a Title 11 or a Title 31 violent felony as set forth in § 4201 (c) of this title, shall be tried as an adult….").
[9] *See* 10 *Del. C.* § 1010(a)(1).
[10] *Harper*, 2014 WL 1303012, at *4 (quoting *Anderson*, 385 A.2d at 740) (quotations omitted).

3

8.     The first factor under § 1011(b) is two-pronged.[11]   His charges are serious in nature and yet he has no prior record.  Notably, he has numerous violent charges currently pending from alleged conduct that occurred both in and out of detention.[12]  This factor splits neither for nor against transfer.

9.     The second factor weighs in favor of transfer as Defendant has no history of rehabilitative efforts through YRS.[13]

10.    The third factor weighs against transfer.[14]  YRS representative Jennifer Wilson testified that the interest of society and Defendant would be best served if his charges remained in this Court.  This recommendation is based on the severity of the charges, his age, his conduct while in detention that resulted in current charges, and the insufficiency of time to provide YRS services.

11.    Conversely, Laura Cooney-Koss, Psy.D. testified that the remaining time of 1.5 years is sufficient to provide clinical services to include individual

---

[11] The first factor is "[t]he nature of the present offense and the extent and nature of the defendant's prior record, if any."  10 *Del. C.* § 1011(b)(1).

[12] *See* Reverse Amenability Report of Zion Jones by the Department of Services for Children, Youth & Their Families, at 1 (Sept. 26, 2022) ("In a [separate pending] case, [Defendant] was charged with Possession, Purchase Own or Control of a Firearm by Prohibited Juvenile, and Carrying a Concealed Deadly Weapon.") [hereinafter Reverse Amenability Report].  Also, on May 12, 2022, "an active warrant for Robbery First Degree, PFDCF, Aggravated Menacing, Theft of a Motor Vehicle, Conspiracy Second Degree, and Theft under $1,500 was discovered," that allegedly took place on October 31, 2021, before the allegations in this case.  *Id.* at 2.  On June 10, 2022, Defendant was also charged with Assault in a Detention Facility with Physical Injury after he and a peer assaulted a staff member; charge is pending in Family Court.  *Id.* at 3.

[13] The second factor is "[t]he nature of past treatment and rehabilitative efforts and the nature of the defendant's response thereto."  10 *Del. C.* § 1011(b).

[14] The third factor is "[w]hether the interests of society and the defendant would be best served by trial in the Family Court or in the Superior Court."  10 *Del. C.* § 1011(b).

4

mental-health treatment focused on his trauma and losses.[15] Yet, she recognized that initiating clinical services within 1.5 years is not the same as *rehabilitation*. She further acknowledged that although it may be in Defendant's interest to remain in Family Court, YRS will not provide services to Defendant while he has pending adult charges. As the firearm charges would be considered "pending adult charges," efforts to provide services through YRS would be challenging. Thus, this factor weighs against transfer.

12. As Defendant's PFDCF charges must stay here, judicial economy and basic joinder considerations lead the Court to conclude that the accompanying felonies will remain in this Court to proceed in conjunction with the firearm charges.[16]

For the reasons stated above, Defendant's Motion to Transfer Charges to Family Court is **DENIED**.

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Judge Vivian L. Medinilla

oc: Prothonotary
cc: Karin Volker, Esquire
Stephen McCloskey, Esquire
Brian Chapman, Esquire
Jennifer Skinner, Master Family Service Specialist

---

[15] Psychological Evaluation, at 18, 20.
[16] The Court considers any factors that are deemed relevant. *See* 10 *Del. C.* § 1011(b).